UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

ELIZABETH CAIAZZO,           )
                             )
        Plaintiff            )
                             )
v.                           )    No. 2:13-cv-155-JAW
                             )
CAROLYN W. COLVIN, Acting    )
Commissioner of Social Security, )
                             )
        Defendant            )

# REPORT AND RECOMMENDED DECISION[1]

The plaintiff in this Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal contends that the administrative law judge erroneously rejected the opinion of one of her treating physicians, refused to allow the late submission of a medical source statement, gave undue weight to the opinions of state-agency reviewers, and presented a flawed hypothetical question to the vocational expert who testified at the hearing on her appeal. I recommend that the court affirm the commissioner's decision.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act for purposes of SSD through September 30, 2011,

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), as amended January 1, 2013, which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me on March 12, 2014, pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

1

Finding 1, Record at 18; that she suffered from degenerative disc disease of the lumbar spine, an impairment that was severe but which did not meet or medically equal the criteria of any impairment listed in Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings"), Findings 3-4, *id*. at 18-21; that she retained the residual functional capacity ("RFC") to perform light work, except that she could only occasionally stoop or crouch and should avoid irregular terrain, Finding 5, *id*. at 21; that she was unable to perform her past relevant work, Finding 6, *id*. at 24; that, given her age (28 on the alleged date of onset of disability, July 17, 2009), high school education, work experience, and RFC, there were jobs existing in significant numbers in the national economy that she could perform, Findings 7-10, *id*. at 24-25; and that, therefore, she had not been under a disability, as that term is defined in the Social Security Act, at any time from July 17, 2009, through the date of the decision, June 29, 2012, Finding 11, *id*. at 25. The Appeals Council declined to review the decision, *id*. at 1-3, making it the final determination of the commissioner, 20 C.F.R. §§ 404.981, 416,1481; *Dupuis v. Secretary of Health & Human Servs.*, 869 F,2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than her past relevant work. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Bowen v.*

*Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

### A. Treating Physician

The plaintiff contends that the administrative law judge erred in "rejecting the medical opinion of Plaintiff's long-term treating physician, Dr. Fraser, as expressed in his May 2012 medical source statement (physical)[.]" Plaintiff's Itemized Statement of Errors ("Itemized Statement") (ECF No. 13) at 5. The administrative law judge said the following about Dr. Fraser's opinions:

> On May 23, 2012, Robert Fraser, D.O., opined that the claimant must be allowed to alternate positions periodically, that she has limitations in her ability to push or pull with the lower extremities, that her attention and concentration are affected, and that she is only able to lift and carry ten pounds occasionally and less than ten pounds frequently, stand or walk for two hours in an eight-hour workday, and climb, balance, stoop, kneel, crouch, and crawl occasionally (Exhibit 18F). While Dr. Fraser has treated the claimant on multiple occasions, the undersigned has given this opinion little weight as the degree of limitations cited is not supported in the contemporaneous treatment records and appears to be based in large part on the claimant's subjective allegations.

Record at 24. The plaintiff asserts that "the preponderance of medical evidence of record supports Dr. Fraser's opinion." Itemized Statement at 5.

Of course, the applicable test in this court is not whether a preponderance of the evidence supports a conclusion other than that of the administrative law judge, but rather whether substantial evidence supports the administrative law judge's conclusion. In this case, two state-agency physicians reviewed Dr. Fraser's records, the medical tests identified by the plaintiff as

3

supporting Dr. Fraser's opinions, and came to different conclusions. *Compare* Itemized Statement at 5-8 *with* Record at 64-70 (Lawrence P. Johnson, M.D.) and 86-95 (Richard T. Chamberlin, M.D.). When such conflicts in the medical evidence exist, the administrative law judge may choose to rely on the opinions of the state-agency reviewers rather than those of a treating physician. *See, e.g., Murphy v. Astrue*, No. 2:11-cv-241-NT, 2012 WL 1067683, at *4 (D. Me. Mar. 29, 2012); *Miller v. Astrue*, Civil No. 09-156-B-W, 2010 WL 1935752, at *5 (D. Me. May 10, 2010); *see also Berrios Lopez v. Secretary of Health & Human Servs.*, 951 F.2d 427, 431 (1st Cir. 1991).

The plaintiff faults the administrative law judge for offering only "conclusory and speculative" reasons for assigning Dr. Fraser's opinions little weight, which she characterizes as violating the requirement of Social Security Ruling 96-2p that an administrative law judge give specific reasons for the weight given to a treating source's opinions. Itemized Statement at 5. I do not find the administrative law judge's discussion of his reasons for assigning little weight to Dr. Fraser's opinions in this case to be speculative, although it does verge on the conclusory. However, given the fact that there is substantial evidence in the record to support the administrative law judge's conclusions, this error, if it is an error, is harmless. *See, e.g., Golfieri v. Barnhart*, No. 06-14-B-W, 2006 WL 3531624, at *4 (D. Me. Dec. 6, 2006).

The plaintiff adds that "if the ALJ was unclear concerning the bases for Dr. Fraser's assessed functional capacity limitations, he could have recontacted Dr. Fraser . . . to seek clarification pursuant to 20 C.F.R. § 404.1512(e)(1), or to otherwise develop and clarify the issue." Itemized Statement at 9. However, there is no suggestion in the administrative law judge's opinion that he was "unclear" about any aspect of Dr. Fraser's conclusions as they were listed on the form entitled "Medical Source Statement of Ability to Do Work-Related Activities

(Physical)." Record at 839-42. The cited regulation merely provides that an administrative law judge will contact a treating source directly only when the evidence that has been received is inadequate to support a determination of disability. The plaintiff points to no "conflict or ambiguity" in Dr. Fraser's records and reports "that must be resolved." 20 C.F.R. §§ 404.1512(e)(1), 416.912(e)(1). In this district,

> [a]n administrative law judge is not required to further develop the record when a claimant is represented, as the plaintiff was here, . . . unless she does not understand any of the treating physicians' records or finds gaps in those records or the records are otherwise inadequate to allow her to decide the case. 20 C.F.R. § 404.1512(e)(1); *see also White v. Massanari*, 271 F.3d 1256, 1261 (10th Cir. 2001). In order to obtain remand on this basis, the plaintiff must point to specific facts that were not brought out during the hearing and provide proof that additional medical evidence existed. *Nelson v. Apfel*, 131 F.3d 1228, 1235 (7th Cir. 1997).

*Archer v. Colvin*, Civil No. 1:13-cv-00018-NT, 2014 WL 457641, at *6 (D. Me. Feb. 4, 2014) (quoting *Plato v. Colvin*, Civil No. 1:12-cv-319-DBH, 2013 WL 5348603, at *12 (D. Me. Sept. 24, 2013)). The Itemized Statement does not meet this standard.

An additional argument in this section of the itemized statement challenges the administrative law judge's refusal to admit into the record a statement from Dr. Ervin, another treating physician, that was not submitted more than five days before the hearing. Itemized Statement at 8. She contends that this submission met the requirement of 20 C.F.R. § 405.331(c)(3) for admission of untimely proffered evidence because she told the administrative law judge that the delay resulted from the fact that Dr. Ervin's office "inexplicably sent the completed assessment to the wrong fax number repeatedly." *Id.* The cited regulation provides an exception to the requirement that all evidence be submitted no later than five days before the hearing when "[s]ome . . . unusual, unexpected, or unavoidable circumstance beyond your control prevented you from submitting the evidence earlier."

Here, as the defendant points out, Defendant's Opposition to Plaintiff's Statement of Errors ("Opposition") (ECF No. 16) at 13 n.3, the situation described by the plaintiff did not constitute a circumstance beyond her control. She was represented by counsel, who was expecting to receive the assessment and knew the date of the hearing and the 5-day limit. A timely inquiry of the doctor's office would have resulted in a timely receipt and subsequent submission of the document. *See Raymond v. Astrue*, No. 1:12-cv-92-DBH, 2012 WL 6913437, at *2 (D. Me. Dec. 31, 2012). In addition, as the plaintiff herself states, Itemized Statement at 8, Dr. Ervin's opinions "are consistent with and directly supported by those of her other treating sources." I have already discussed the reasons why the administrative law judge did not err in giving such opinions little weight.

## B. Weight Assigned to Opinions of State-Agency Reviewing Physicians

The plaintiff next argues that the administrative law judge's reliance on the opinions of the state-agency reviewing physicians "constituted serious error." Itemized Statement at 10. She asserts that these physicians "were able to review only a small portion of the actual medical record" and did not see "over 400 pages of medical evidence[.]" *Id*. She states, in conclusory fashion, that the unreviewed records were "material to an accurate assessment of [her] severe spinal impairment" and that this fact means that opinions of these physicians "cannot constitute substantial evidence for the ALJ's RFC finding." *Id*.

Absent a showing of how the records at issue were in fact "material to an accurate assessment" of the plaintiff's physical limitations,[2] she is not entitled to remand on this basis. *See Bachelder v. Social Sec. Admin. Comm'r*, No. 1:09-cv-436-JAW, 2010 WL 2942689, at *6

---

[2] At oral argument, the plaintiff's attorney asserted that the plaintiff need not show that the outcome of her application would have been different if the state-agency physicians had seen the specific records at issue when "we don't know whether the DDS [state-agency] examiners actually saw the [CT] scan." This is an incorrect statement of the applicable law, particularly where, as here, the plaintiff's attorney says that mention of the CT scan in the state-agency physician's report cannot be read as a statement that the physician actually reviewed the CT scan.

(D. Me. July 19, 2010). If the plaintiff meant by this brief argument to incorporate her discussion in the earlier section of her itemized statement about specific tests and findings by treating physicians, Itemized Statement at 6-7, the defendant's response demonstrates convincingly that each listed item was either reviewed by one or more of the state-agency reviewing physicians, only restates the plaintiff's subjective complaints, or would not require a different outcome. Opposition at 7-10.

### C. Vocational Testimony

The plaintiff's final challenge is directed at the hearing testimony of the vocational expert, contending that it was given in response to a "fundamentally flawed" hypothetical question and, therefore, cannot provide any evidentiary support for the administrative law judge's conclusion at Step 5. Itemized Statement at 12-13. This argument is based entirely upon an assumption that the RFC assigned to the plaintiff by the administrative law judge was erroneous, presumably for the reasons set forth in the earlier sections of the itemized statement. *Id*. Because I have rejected that contention, this argument fails as well.

## II. Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de</u> <u>novo</u> review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de</u> <u>novo</u> review by the district court and to appeal the district court's order.*

Dated this 30th day of March, 2014.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge